IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATHAN BEMENT, an individual person,

    Plaintiff,

vs.

UNITED AIRLINES, INC.

    Defendant.

Case No.: _____

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint against Defendant United Airlines, Inc. ("Defendant" or "United"), Plaintiff Nathan Bement ("BEMENT") states:

**INTRODUCTION**

1. Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 by failing to provide Plaintiff with a required religious accommodation; by failing to engage in an interactive process to determine and provide a reasonable accommodation; and by retaliating against Plaintiff with termination of his employment for expressing and defending his religious beliefs and asking for religious accommodations.

2. This suit seeks to remedy Defendant's statutory violations and discrimination against Plaintiff, who clearly communicated his sincerely held religious beliefs to

1

Defendant and therefore requested reasonable accommodations from Defendant's mandate that employees receive the COVID-19 vaccines or face termination.

3. Rather than comply with its obligations under federal and state law, Defendant threatened to terminate Plaintiff if he did not comply with the COVID-19 Mandate after Plaintiff submitted his religious accommodation request, and did terminate Plaintiff because he exercised his religious beliefs which forbade him from complying.

4. Defendant's statutory violations, discrimination, and telegraphed intent to retaliate against him, left Plaintiff with the untenable choice of complying with the COVID-19 Mandate in violation of his sincerely held religious beliefs or lose his livelihood.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e, *et. seq*. Venue is proper under 28 U.S.C. § 1391(b) because the events complained of occurred in this District and Division.

## PARTIES

6. Plaintiff Nathan Bement worked at all relevant times for United at the Orlando International Airport (MCO) with his most recent position being Sheet Metal Line Technician.

## FACTUAL ALLEGATIONS

7. Defendant United is an airline operating within the State and this District of Florida through MCO in Orange County, as a Delaware corporation with

principal place of business in Chicago, Illinois. Defendant is a covered employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

8. BEMENT began his employment with United on or about January 16, 1989. At the time of his termination, BEMENT's position was Sheet Metal Line Technician.

9. During his employment at United, BEMENT was an employee in good standing; and without exception, received positive performance review ratings until he brought his religious accommodation request to be exempted from United's COVID-19 mandate, based upon his sincerely held religious beliefs.

10. On or about August 6, 2021, United notified its employees in an undated written publication that it was going to be implementing a COVID-19 vaccine mandate for all US-based United employees under its "COVID-19 Vaccination Policy" ("Policy"). **Exhibit A, United Policy.** The policy required employees to receive a COVID-19 vaccine "within five weeks after the FDA has announced it has fully approved a COVID-19 vaccine or five weeks after Sept. 20, 2021, whichever comes first. The latest potential deadline for meeting this requirement is Oct. 25, 2021."

11. The Policy stated that employees must "either (1) provide proof that they have received the full course of a designated COVID-19 vaccine or, (2) obtain an approved exemption as a reasonable accommodation." See Exhibit A. Some information regarding types of exemptions and the link through "Help Hub" through which to submit requests for accommodations were given in the Policy.

12. The Policy declared that "United prohibits retaliation, which includes threatening or taking adverse action against an individual, for, among other things, requesting an accommodation under this policy." See Exhibit A.

13. There was no other calendar date listed on the Policy document and no mention of a separate deadline by which to submit accommodations requests.

14. The Policy, upon information and belief, was also posted in United's online portal for employees to which Plaintiff had access, giving a deadline for "front-line employees" to obtain COVID-19 vaccination or request accommodation, "unless state law prohibits" the requirement of a COVID-19 vaccine policy.

15. BEMENT was not considered a "front-line employee" in his position as Sheet Metal Line Technician at the time that United instituted its Policy, and he inquired of his union representative to confirm his status was *not* that of a "front-line employee."

16. On or around August 23, 2021, after FDA licensure approval for Pfizer/Bio-Intech's Comirnaty COVID-19 vaccine, United sent employees another undated notice regarding its Policy that modified its terms to require US-based employees "to be vaccinated and upload their vaccination record to Flying Together by September 27, 2021." **Exhibit B**, **United Policy (later publication).** The update also indicated that booster shot "will likely be required," but the remaining language of the Policy regarding seeking accommodation and anti-retaliation terms remained the same.

17. Arbitrarily, with no basis in law, United demanded its employees to submit their requests for accommodations by August 31, 2021, but this deadline was at no time announced to BEMENT nor published in conjunction with United's notifications of its Policy in August 2021.

18. BEMENT notified United in writing that he had religious objections to taking the COVID-19 vaccinations on or about September 23, 2021. The next day, United, with no basis in law, denied BEMENT's request solely as filed untimely and refused to consider it further. **Exhibit C, United denial.**

19. The denial did not specify what the deadline was that United claimed BEMENT did not meet. See Exhibit C.

20. United took further steps to discipline BEMENT, and ultimately terminated his long-standing employment. In a fact-finding meeting on or about November 15, 2021, United determined that BEMENT had failed to comply with the Policy by either uploading proof of COVID-19 vaccination or obtaining an exemption based upon a reasonable accommodation.

21. A few days later, Florida passed a law prohibiting United's Policy, unless it granted exemption after accommodation request made by Florida-based employees. United then sent a mass email on November 23, 2021, asserting in bold font type, contrary to law, that: "due to United being subject to federal Executive Order 14042, the Florida law does not apply to United or any of its employees."

22. After the fact-finding meeting, BEMENT, as a resident and employee who worked in the State of Florida, completed the Florida Department of Health Religious Exemption From COVID-19 Vaccination Form ("Religious Exemption Form") and submitted it to United, signed and dated November 25, 2021. Please see **Exhibit D** attached hereto.

23. United responded by email on December 1, 2021, again denying BEMENT's request for accommodation, stating only that "You did not get your request in by the deadline. As a result, your request is being closed and no further action will be taken. **Exhibit E, 12/1/2021 Denial.**

24. BEMENT the same day sent a copy of his form request for accommodation to the State of Florida to make a claim against United's violation of Section 381.00317, Florida Statutes which required private employers to provide Florida employees certain specified exemptions upon request.

25. Based upon BEMENT's Religious Exemption Form and allegations, Florida's Department of Legal Affairs filed an Administrative Complaint against United. As a result of such proceeding, United was ordered to pay a fine of $15,000.00. Please see **Exhibit F** attached hereto.

26. United terminated BEMENT's employment on or about December 7, 2021.

27. Throughout, United stood firm in its illegal position that BEMENT's request was untimely according to its internal company Policy deadline that it did not disclose to BEMENT.

28. Nowhere in Title VII or Florida law is there any term that can be interpreted to give United such bald authority to believe that it could override well-established discrimination law by simply implementing an arbitrary, unannounced deadline for filing an accommodation request, which effectively obliterated BEMENT's statutorily protected, fundamental rights for no articulable, legal reason.

29. United never engaged BEMENT in the interactive process, which it is legally obligated to do, regardless of when United became aware of BEMENT's request, and therefore never gave any explanation of whether or how it was an undue burden to allow BEMENT to continue his work with other safety measures in place as a reasonable accommodation to BEMENT's sincerely held religious objections to receiving the COVID-19 vaccinations. Further, United's precedent under the Policy on "timely" religious accommodation requests, especially for those employees who did not have customer-facing roles, was "immediately" to accommodate them.

30. United's denial of BEMENT's religious accommodation requests were not based upon any findings of individual risk posed by BEMENT not complying with the Policy nor any undue hardship that the accommodation of his religious beliefs and practices would pose United.

31. United's motivations for arbitrarily setting an unpublished deadline – distinct from United's deadline for showing proof of vaccination - that required BEMENT fully to articulate what his personal, sincerely held religious beliefs were as it pertains to the COVID-19 vaccinations *prior to such unpublished deadline* are clearly

discriminatory. Since United maintains that BEMENT submitted his request for accommodation after United's deadline, his religious beliefs do not matter in United's eyes, which is textbook unlawful religious discrimination.

32. On or about January 4, 2022, BEMENT timely filed a charge of discrimination with the EEOC, raising the issues in this Complaint.

33. On February 8, 2024, the EEOC issued BEMENT a Notice of Right to Sue.

## COUNT I
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### Religious Discrimination-Failure to Accommodate

34. BEMENT restates the foregoing paragraphs 1 – 33, as if set forth fully herein.

35. BEMENT holds sincere religious beliefs that preclude him from receiving the COVID-19 vaccinations.

36. BEMENT informed Defendant of those beliefs and requested accommodation from United's Policy on religious grounds.

37. Defendant outright denied BEMENT's request for accommodation based upon an arbitrarily determined deadline for submitting accommodation requests, which United never clearly identified for BEMENT, and further wholly failed to engage in an interactive process with Plaintiff regarding his religious beliefs and possible reasonable accommodation thereto or provide any explanation of how granting BEMENT's request would be an undue burden to United.

38. Defendant responded to BEMENT's continued religious objections to the Policy and repeated attempts at resolution with a blanket denial and did not provide any lawful reason or rationale other than his request was untimely.

39. Defendant failed to provide Plaintiff with reasonable accommodations for his sincerely held religious beliefs, in violation of Title VII.

40. Defendant further discriminated against Plaintiff because of his religious beliefs when Defendant unlawfully terminated Plaintiff.

41. Defendant's failure to provide religious accommodations and terminate Plaintiff's employment has harmed and will continue to harm Plaintiff.

42. By failing to engage in the interactive process and/or offer any reasonable accommodation, particularly when United "immediately" provided accommodations otherwise for employees in non-customer facing positions, Defendant's discriminatory actions against BEMENT were so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against United.

## COUNT II
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*
### Religious Discrimination-Retaliation

43. Plaintiff BEMENT restates the foregoing paragraphs 1 – 33, as if set forth fully herein.

44. BEMENT engaged in protected activity when he expressed his religious beliefs and practices that prohibited his obtaining a COVID-19 vaccination, requested

religious accommodations from Defendant's COVID-19 Mandates, and objected to United's unlawful refusal to address his request for accommodation.

45. Defendant responded to BEMENT's protected activity by giving him the false and coercive choice between an irreversible medical intervention into his body by COVID-19 vaccine in contravention of his religious beliefs and practices OR termination.

46. BEMENT's religious beliefs and protected activity were the causes of Defendant's adverse employment action. Defendant did not bother engaging in an interactive process with BEMENT because Defendant never intended to provide accommodation, even if it conflicted with BEMENT's sincerely held religious beliefs.

47. Defendant retaliated against BEMENT because of his engaging in protected activity by terminating his employment, which violates Title VII.

48. United was provided ample time to remediate its unlawful conduct, and refused to do so, instead doubling-down on unlawful conduct and retaliation against Plaintiff.

49. Defendant's unlawful retaliation is the direct and proximate cause of deprivation of Plaintiff's equal employment opportunities and his economic and non-economic damages.

50. By retaliating against BEMENT for engaging in protected activity, particularly when United "immediately" provided accommodations otherwise for employees in non-customer facing positions and did not terminate their employment, Defendant's misconduct was so willful and wanton and in such reckless disregard

of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against United.

## COUNT III
### Discrimination Contrary to Florida Civil Rights Act
### Fl. Stat. § 760.07, § 760.10

51. Plaintiff BEMENT restates the foregoing paragraphs 1 – 33, as if set forth fully herein.

52. The Florida Civil Rights Act ("FL CRA") prohibits an employer from discriminating against an employee "because of race, color, religion, gender, pregnancy, national origin, age, handicap, or marital status in the areas of education, employment, or public accommodations." Fl. Stat. § 760.07.

53. Prohibited employment practices include:

    a. "(1)(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

    b. "(1)(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race,

      color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

   c. "(2) to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status or to classify or refer for employment any individual on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

Fl. Stat. § 760.10.

54. United is subject to FL CRA, as an employer "employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year…." Fl. Stat. § 760.02(7).

55. BEMENT holds sincere religious beliefs that preclude him from receiving the COVID-19 vaccinations.

56. BEMENT informed Defendant of those beliefs and requested accommodation from the COVID-19 Mandates on religious grounds.

57. Defendant outright denied BEMENT's request for accommodation based upon an arbitrarily determined deadline for submitting accommodation requests, which United never clearly identified for BEMENT, and further wholly failed to engage in an interactive process with Plaintiff regarding his religious beliefs and possible reasonable accommodation thereto or provide any explanation of how granting BEMENT's request would be an undue burden to United.

58. Defendant responded to BEMENT's continued religious objections to the Policy

and repeated attempts at resolution with a blanket denial and did not provide any lawful reason or rationale other than his request was untimely.

59. Defendant failed to provide Plaintiff with reasonable accommodation for his sincerely held religious beliefs, in violation of FL CRA.

60. Defendant further discriminated against Plaintiff because of his religious beliefs when Defendant unlawfully terminated Plaintiff.

61. Defendant's failure to provide religious accommodations and terminate Plaintiff's employment has harmed and will continue to harm Plaintiff.

62. By failing to engage in the interactive process and/or offer any reasonable accommodation, particularly when United "immediately" provided accommodations otherwise for employees in non-customer facing positions, Defendant's discriminatory actions against BEMENT were so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against United.

63. Plaintiff has exhausted his administrative remedies prior to bringing this claim before this Court.  Fl. Stat. § 760.11.

## COUNT IV
### Retaliation Contrary to the Florida Civil Rights Act
### Fl Stat. § 760.10(7)

64. BEMENT restates the foregoing paragraphs 1 – 33, as if set forth fully herein.

65. The Florida Civil Rights Act ("FL CRA") prohibits an employer's "discriminat[ing] against any person because that person has opposed any

13

practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section..." Fl. Stat. § 760.10(7).

66. United is subject to FL CRA, as an employer "employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year…." Fl. Stat. § 760.02(7).

67. BEMENT engaged in protected activity when he expressed his religious beliefs and practices that prohibited his obtaining a COVID-19 vaccination, requested religious accommodations from Defendant's COVID-19 Mandates, and objected to United's unlawful refusal to address his request for accommodation.

68. Defendant responded to BEMENT's protected activity by giving him the false and coercive choice between an irreversible medical intervention into his body by COVID-19 vaccine in contravention of his religious beliefs and practices OR termination.

69. BEMENT's religious beliefs and protected activity were the causes of Defendant's adverse employment action. Defendant did not bother engaging in an interactive process with BEMENT because Defendant never intended to provide accommodation, even if it conflicted with BEMENT's sincerely held religious beliefs.

70. Defendant retaliated against BEMENT because of his engaging in protected activity by terminating his employment, which violates FL CRA.

71. United was provided ample time to remediate its unlawful conduct, and refused to do so, instead doubling-down on unlawful conduct and retaliation against Plaintiff.

72. Defendant's unlawful retaliation is the direct and proximate cause of deprivation of Plaintiff's equal employment opportunities and his economic and non-economic damages.

73. By retaliating against BEMENT for engaging in protected activity, particularly when United "immediately" provided accommodations otherwise for employees in non-customer facing positions and did not terminate their employment, Defendant's misconduct was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against United.

74. Plaintiff has exhausted his administrative remedies prior to bringing this claim before this Court. Fl. Stat. § 760.11.

## ADMINISTRATIVE PROCEDURES

75. Copies of the EEOC notice of the right to sue for Plaintiff is attached as **Exhibit G**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court find in favor of Plaintiff on all his claims and award him:

a. Damages including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, compensatory damages, and other injunctive relief.
b. Reasonable attorneys' fees and costs.
c. Any other relief that the Court considers just, proper, and equitable.

## JURY DEMAND

A trial by jury is demanded for all issues so triable.

DATED this 8th day of May 2024.

Respectfully Submitted,

__/s/ Rachel Rodriguez___
VIRES LAW GROUP, PLLC
FL Bar # 110425
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
561-370-7383 (phone)
rrodriguez@vireslaw.group

Dawn M. Uballe, TX Bar No. 24053505
*pro hac* admission forthcoming
DISABLED RIGHTS ADVOCATES, PLLC
600 17th Street
Suite 2800 South
Denver, CO 80202
(254) 855-8866
dawn@dradvocates.com

16

ATTORNEYS FOR PLAINTIFF